G. B. PICKETT v. THE STATE.

1. UNLAWFULLY CARRYING ARMS.— An indictment which purported to charge the appellant with carrying a pistol into a public assembly was quashed for that offense, but was sustained for the simple carrying of a pistol. *Held*, that, as the indictment contains all necessary allegations to charge the latter offense, there was no error to appellant's prejudice in the ruling of the trial court.

2. SAME.— INDICTMENT for carrying a pistol need not allege that it was "unlawfully" carried. The phraseology of the statute suffices.

APPEAL from the County Court of Wise. Tried below before the Hon. S. H. HODGES, County Judge.

Two witnesses for the State testified that, on the day alleged in the indictment, they saw the handle and a part of the cylinder of a pistol protruding from the appellant's hip pocket.

For the defense, a gunsmith testified that the appellant, on or about the same day, brought him the handle' and cylinder of a pistol, to get them repaired. Two other witnesses stated that, on or about the day in question, they observed the handle of a pistol on the person of the appellant and cautioned him about it; whereupon he exhibited the article, which was only the handle and cylinder of a pistol, without a barrel.

The jury, however, found the appellant guilty of carrying a pistol, and assessed a fine of $25 against him. The court below refused him a new trial.

*Sparkman & Carswell*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   The appellant was prosecuted, convicted and fined twenty-five dollars under an indictment the charging part of which reads as follows: "Did go into a public assembly, to wit, a public convention where persons were then and there assembled, and did then and there have

and carry about his person a pistol." The defendant moved the court to quash, which motion was sustained as to the public place or assembly, but overruled otherwise, and the indictment was held good for simply carrying a pistol, under article 318, Penal Code.

The defendant excepted, and assigns for error the action of the court in overruling his motion to quash. There was no error against defendant in this ruling. Strike from the indictment all that is said in regard to the public place or assembly, there still remains every element of the offense for which defendant was convicted, clearly charged in the indictment. The other may be treated as surplusage.

It is objected "that the indictment is defective because it does not allege that the pistol was unlawfully carried." This is not necessary. The language of the statute is used, and this is not of that class of cases in which it is required to go beyond the terms of the law creating the offense. The case of *Massey* v. *State*, 4 Texas Ct. App. 580, does not support this assignment. We are of the opinion that the certificate of transfer to the County Court is sufficient.

The insufficiency of the evidence is urged for a reversal of the judgment. The jury passed upon this question; nor are we prepared to reverse their decision. As is frequently the case there were two theories; that of the State was found true by the jury, who heard the witnesses and saw their manner of testifying. The presiding judge was in a better position than we to pass upon this matter.

Finding no error which would warrant a reversal of the judgment, it is therefore affirmed.

*Affirmed.*